ENRIQUE GONZÁLEZ, Appellant, v. REGISTRAR OF PROPERTY OF ARECIBO, Respondent.

No. 735. Submitted November 5, 1928.—Decided November 27, 1928.

*Angel R. de Jesús* for the appellant. The registrar did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

In the Municipal Court of Ciales Enrique González began a suit against José Fontanez Ríos and to secure the effectiveness of the judgment attached as belonging to the defendant a piece of property located in the municipal district of Ciales.

.When the order of attachment was presented to the Registrar of Property of Arecibo he denied the annotation on the ground that the property in question appeared to be recorded in the name of Aniceto Figueroa Ortiz.

Within the cautionary period of 120 days the creditor presented to the Registrar of Property of Arecibo a deed dated January 30, 1928, whereby Aniceto Figueroa sold the property, the object of the attachment, to the minor Maximino Fontanez Padilla who was represented by his father, and was under the *patria potestas* of the latter, the origin of the purchase price not being shown in the deed of acquisition. In other words, that a non-emancipated minor was shown to be acquiring property without showing that the

purchase price proceeded from funds not furnished by his father, who was alive and in the exercise of the *patria potestas* over his said minor child. The record is absolutely silent as to the special nature of the acquisition, or whether the minor possibly may have acquired a good title. The registrar still denied the annotation of the attachment on the ground that the property was recorded in the name of Maximino Fontanez Padilla, a person distinct from the debtor.

Section 226 of the Civil Code provides:·

"The father or mother possess the ownership and usufruct of whatever property the child may acquire with the capital of each of his parents. Nevertheless, if the father or mother expressly allow the child the whole or part of his gains, the same shall not be charged against his inheritance."

The appellant concedes that the said article by its terms establishes no presumption in favor of the idea that the property belonged to the father, but maintains that the jurisprudence of Spain is to the effect that such a presumption arises. 6 *Jurisprudencia Civil*, 28, 29. Such is perhaps the tendency of the decision of this court in *Sánchez et al.* v. *Vadí et al.*, 25 P.R.R. 519.

However we hold that whether a presumption exists ·or only a debatable claim on the part of the creditor, when an emancipated minor appears to be acquiring property while under the *patria potestas* of his father a creditor attempting to attach the property as belonging to the father has such an interest in the property as to be entitled to an annotation. Section 42 of the Mortgage Law provides:

"The following may request the entry of cautionary notices of their respective rights in the proper public registry:

"1. He who brings an action to recover the ownership of real property or the constitution, declaration, modification or extinction of any real right.

"2. He who, in accordance with the law, has obtained in his favor

a writ of attachment which has been levied on real property of the debtor.

"3. He who, in any action, has obtained a final judgment against the defendant which shall be enforced according to the procedure prescribed in title 8 of the Law of Civil Procedure.

"4. He who brings a declaratory action for the enforcement of any obligation and obtains, in accordance with the law, an order directing the attachment or forbidding the alienation of real property.

"5. He who brings an action for the purpose of obtaining any of the orders mentioned in subdivision 4 of article 2 of this law.

"6. The widowed spouse, by reason of the right vested in him or her by article 838 of the Civil Code.

"7. A legatee who under the law does not have the right to institute testamentary proceedings.

"8. An agricultural creditor during the continuation of the works for which the loan was made.

"9. He who files in the office of the registrar an instrument which can not be definitely recorded on account of the omission of some requisite capable of being supplied or on account of the disability of the registrar.

"10. He who shall have the right to demand the entry of a cautionary notice in any other case, according to the provisions of this law."

Under this section a creditor who seeks to set aside a fraudulent conveyance or to make a claim that the property of one person belongs to another has a right to an annotation as defined therein. The annotation settles nothing; it is merely notice to all the world that the creditor is claiming a right.

It may or may not be necessary, as appellant maintains, for a minor to bring a suit in intervention to establish his claim to the property. The burden possibly is on the creditor in any suit to show at least as much as he did in this case, or possibly a little more. The note should be reversed and the annotation made.